# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Joshua Lee Matthews,

          Plaintiff

vs.

Illinois Department of Corrections ("I.D.o.C")
Director John Baldwin, Warden Micheal Melvin, Major
Susan Prentice, L.T. Thorsome, L.T. Sorenson,
SGT. Drysdale, Institutional Counselor Jamie Horton,
Grievance Officer S. Simpson, Administrative Review Board
Official Sara Johnson, L.T. Smith, C/o DeLong,
C/o Switzer

          Defendant(s)

Case No. _____
*(The case number will be assigned by the clerk)*

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

- [x] 42 U.S.C. §1983 (state, county or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

- [ ] Other federal law: _____

- [ ] Unknown _____

## I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

~~Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or~~ other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Joshua Lee Matthews

Prison Identification Number: R-15976

Current address: 700 W. Lincoln / P.O. Box 99, Pontiac IL, 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: The Illinois Department of Corrections ("I.D.O.C.")

Current Job Title: Illinois Department of Corrections

Current Work Address: 1301 Concordia Court, Springfield IL, 62706

Defendant #2:

Full Name: John Baldwin

Current Job Title: Director of I.D.O.C.

Current Work Address: 1301 Concordia Court Springfield IL, 62706

Defendant #3:

Full Name: Micheal Melvin

Current Job Title: Warden

☆ SEE DEFENDANTS #2

2

☆ DEFENDANTS # ~~#2~~

Current Work Address  700 W. Lincoln Pontiac Il 61764

☆ SEE DEFENDANTS ~~#~~ #3

Defendant #4:

Full Name: Susan Prentice

Current Job Title: Major

Current Work Address: 700 W. Lincoln, Pontiac Il 61764

Defendant #5:

Full Name: Sorenson

Current Job Title: Lieutenant

Current Work Address: 700 W. Lincoln

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐    No ☐

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐    No ☐

C. If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

SEE SUBSEQUENT PAGE DEFENDANTS #5

3

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

    Full Name: _____

    Prison Identification Number: _____

    Current address: _____

_____

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

    Defendant #1:

        Full Name: Thorsome

        Current Job Title: Lieutenant

        Current Work Address: 700 W. Lincoln, Pontiac IL 61764

[margin note: DEFENDANTS #1/3]

    Defendant #2:

        Full Name: Drysdale

        Current Job Title: Sergeant

        Current Work Address: 700 W. Lincoln, Pontiac IL 61764

    Defendant #3:

        Full Name: Simpson

        Current Job Title: Grievance Officer

2

[margin note: SEE DEFENDANTS #4]

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

    Full Name: _____

    Prison Identification Number: _____

    Current address: _____

    _____

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

    Defendant #1:

DEFENDANTS #4

    Full Name: Jamie Horton

    Current Job Title: Institutional Counselor

    Current Work Address: 700 W. Lincoln, Pontiac IL 61764

    Defendant #2:

    Full Name: Sara Johnson

    Current Job Title: Administrative Review Board Official ("ARB")

    Current Work Address: 1301 Concordia Court Springfield IL 62794

    Defendant #3:

    Full Name: Smith

    Current Job Title: Lieutenant ~~_____~~

2

Current Work Address  700 W. Lincoln Pontiac IL, 61764

**Defendant #4:**

Full Name: Delong ~~[redacted]~~

Current Job Title: ~~[redacted]~~ Correctional Office

Current Work Address  700 W. Lincoln Pontiac IL 61764

**Defendant #5:**

Full Name: Switzer

Current Job Title: Correctional Office

Current Work Address  700 W. Lincoln, Pontiac IL 61764

*DEFENDANTS #5*

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?    Yes ☐     No ☒

If yes, please describe  N/A

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒     No ☐

C. If your answer to B is yes, how many?  3   Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number ① Joshua Matthews Vs. Keltner 11-CV-2766 ② Joshua Matthews Vs. Godinez 11-CV-3516 ③ Joshua Matthews Vs. The Illinois Department of Corrections 1:16-CV-1221Y

2. Basic claim made ① Slander ② Living Conditions ③ Living Conditions.

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) ① Dismissed ② Dismissed ③ pending.

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ☒ No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed? Yes ☒ No ☐

Many grievances plaintiff filed were never answered. The grievance process is dismal in this prison. As well it is well known officers frequently throw out prisoners grievances. However some grievances plaintiff filed made it through and completed the grievance process. And those grievances will be filed with this complaint.

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Pontiac Prison

4

Date(s) of the occurrence _From June 2017 continuing to the present date_

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

1 of

(* Plaintiff's complaint is being drafted by jailhouse lawyer, versed in the language of 1983 litigation)

Count I - Plaintiff was, and currently is, being denied his right to Due Process of law. Prior to being subjected to punitive disciplinary segregation.

In Pontiac Prison from June of 2017 on Plaintiff was and currently still is subjected to punitive disciplinary segregation. Without Due Process of law. For five incidents. For four of the incidents, the plaintiff was never notified of the disciplinary charges/proceedings being initiated against him, prior to the disciplinary hearings. Denying the plaintiff of his liberty interest of presenting a complete defense in his behalf.

In one incident, the disciplinary hearing was not held by an impartial decision maker. "Adjustment Committee" Chair person C.T. Stevens was present, a part of, and directly involved in the circumstances of the incident.

For another incident Plaintiff was not allowed to present material evidence in his defense. Preventing Plaintiff from presenting a complete defense in his behalf.

For all incidents plaintiff was denied his right to Due Process of law, prior to being stripped of his liberty interest created by the Illinois Department of Corrections ('IDOC') regulations of having a Mental Health ('MHP') and an impartial employee of Clinical Services, present at disciplinary Hearings. To weigh in on the determination of the final decision rendered/imposed upon Seriously Mentally Ill ('SMI') prisoners. Which plaintiff is classified as.

Due to these Due Process violations. Stated in Count I. Plaintiff was and is subjected to Atypical and Significant hardship.

Plaintiff has filed several grievances to notify defendants Michael Melvin, ARB official Sara Johnson. However with deliberate indifference, none of these defendants have responded or taken action to remedy these violations of Plaintiff's right to Due Process of law.

Count II - Plaintiff was, and currently is, being subjected to inhumane, unsanitary, cruel and unusual living conditions.

In Pontiac Prison's North House Plaintiff was and currently is subjected to inhumane, unsanitary cruel and unusual living conditions, in every cage he has been held in. The plaintiff was held in N-142 from approximately June 10th 2017 to August 8th 2017

5



2 of

The door/front of N-142 was covered/sealed with filthy plexi-glass. Which severely restricted air circulation/ventilation. As well the vents were clogged with dust and fecal matter. As a direct consequence the plaintiff developed and experienced severe respiratory complications. Such as coughing fits, irratated respiratory passages, strained breathing and the feeling of suffication. To the point where on several occassions the plaintiff believed he was about to die from suffocation/asphyxiation. In N-142 there was a leakage/seapage of a sewage fluid. That leaked/seeped from the ceiling, the concrete construction partition (constructed to be the bunk/sleeping area), and the wall around the sink. Which collectively kept approximately 70% to 80% of the floor flood with a sewage fluid. The walls were sheets of steel covered rust, fecal matter, blood, and dirt. Additionally there was fecal matter and blood inside the chuckhole. (The slot in the door all food, medication, and property comes through).

Due to these filthy unsanitary living conditions the plaintiff developed and suffered severe reactions of irrated inflamed breakouts of rashes on several areas of his body. Many of which developed into bleeding sores.

In N-142 the sink had been jammed on by security staff, to run steaming hot water continuously, at full pressure. The water never stopped running. Which produced a loud noise of rushing water. The light in N-142 stayed on full bright illumination all day. The plaintiff was unable to control the light whatsoever. And the area/building around N-142 was extremely, excessively, and profusely loud/noise polluted close to 24 hours a day.

The conditions of the [illegible] noise of the continuously running water at full pressure, the light staying on full illumination constantly, and the [illegible] constant loud/noise pollution of the area/building on N-142. Greatly exasperated the plaintiff [illegible] sleep deprivation oftentimes going days experiencing hallucinations and black outs, while going without sleep. Greatly adversely effecting the plaintiffs mental and physical health and strength. Furthermore, N-142 was infested with a type of moth fly(ies) and some type of slug(gy) worms believed to be the larva of the moth type flies, spiders, and other various insects. Further exasperating the plaintiffs sleep deprivation. Due to insects frequently crawling on him.

Ⓑ The plaintiff was held in N-147 from approximately August 8th 2017 to August 13th 2017. In N-147 there was no running water out of the sink. The air circulation/ventilation was severely obstructed. Due to the ventilation vents being clogged with dust. And the door/front area of N-147 was covered/sealed with filthy plexi-glass. Continuing the plaintiffs respiratory complications.

The floor around the toilet and the area around the sink stayed flooded with a sewage fluid. Fecal matter was smeared on the walls. Additionally there was fecal matter within the chuckhole, and smeared over the surface of the sink, within the buttons and facet. The condition of N-147 was overall filthy. And the unsanitary inhumane living conditions of N-147 furthered the plaintiffs adverse physical reactions of outbreaks of irrated inflamed rashes.

The light was jammed [illegible] to remain in [illegible] full illumination all day. As well the area/building around N-147 was extremely, excessively, and profusely loud all day long. The conditions of the light remaining on [illegible] full illumination all day and the constant loud/noise pollution the area of N-147. Furthering the plaintiffs sleep deprivation.

Ⓒ The plaintiff was held in N-120 from approximately August 13th 2017 to August 31st 2017. The door/front area of N-120 was covered/sealed with filthy plexi-glass. As well the ventilation vents were closed with dust. These conditions combined similarly to Ⓐ & Ⓑ, to severely restrict the air circulation/ventilation of N-120. Further exasperating the plaintiffs respiratory complications.

As well the door/front area was smeared with blood and feces. N-120 was generally filthy. And the unsanitary inhumane living conditions of N-120. Furthered exasperated

6

the plaintiff's ~~[redacted]~~, ~~[redacted]~~ adverse physical reactions of outbreaks of irritated inflamed rashes.

The ~~[redacted]~~ steaming hot water ran at full pressure continuously. Never turning off. Which produced a loud ~~[redacted]~~ noise of rushing water. Also the area/building around N-120 was extremely, excessively, and profusely loud/noise polluted all day long. As well N-120 was infested with the same insects stated in ~~[redacted]~~ (A) and (B). These conditions of the ~~[redacted]~~ ~~[redacted]~~ running water producing a loud rushing sound due to being stuck to run at full pressure all day, the loud/noise pollution of the area/building around N-120, and the infestation of insects. Furthere exasperated the plaintiffs sleep deprivation.

(D) The Plaintiff was held in N-121 from August 31st 2017 to November 2nd 2017. In N-121, the Plaintiff was immediately switched out with the individual who was in N-121 prior to him. The individual was placed in N-120. And the plaintiff was placed in N-121. The individual that was in N-121 prior the plaintiff, was extremely mentally ill, and unhygenic.

Immediately upon entering N-121, plaintiff identified the stench of urine and feces. There was a pool of sewage fluids, urine, and defecation/fecal matter approximately 1/2 half an inch high. Flooding approximately half the floor, in the back portion of N-121, surrounding the toilet, sink and part of the bunk.

The plaintiff needed to demand security staff to get the floor of N-121 mopped. Through confrontation, by refusing to uncuff, until the floor was mopped. Plaintiff was removed from N-121 and an inadequate mop of the floor took place. However that was the only inkling of sanitation measures conducted by unsupervised inmate workers. And N-121 remained largely unsanitized.

The perforated door was covered with filthy plexi-glass that contained fecal matter on it. As well the ventilation vents were clogged. These conditions combined, severely restricted the air circulation/ventilation of N-121 further exasperating the plaintiffs respiratory complications.

N-121 flooded routinely with a petrid sewage fluid. That would ebb. Some days the flood level would be relatively low. At other times the flood level would rise to over an inch and flood the entire cage and out onto the gallery walking area outside N-121. The leaks originated from cracks in the wall, toilet and sink. There was blood and feces smeared on the walls and inside the chuckhole. There was unidentifiable filthy/crude caked/plastered in the corners of N-121. The unsanitary inhumane living conditions of N-121. Furthere exasperated the plaintiff's adverse physical reactions of outbreaks of irritated inflamed rashes.

The light in N-121 was jammed to stay on full illumination all day. The steaming hot water ran all day. And the area/building around N-121 was extremely, excessively, and profusely loud/noise polluted, all day. The conditions of the noise of the constantly running water at full pressure, the light staying on full illumination all day and the constant loud/noise ~~[redacted]~~ pollution of the area/building around N-121. Further exasperated the plaintiff's ~~[redacted]~~ sleep deprivation. Greatly adversely effecting the plaintiff's mental and physical strength. As well N-121 was infested with the same insects stated in (A), (B), and (C). Which further exasperated the plaintiff's sleep deprivation. Due to the insects often crawling on him.

(Through the assistance of jail house lawyer)
The plaintiff notified I.D.O.C. and Director John Baldwin of these conditions. And that these conditions are ~~[redacted]~~ prevailing as a policy of I.D.O.C and this prison. Through letters. The plaintiff directly/verbally notified defendants Maj. Susan Prentice, L.T. Sorenson, L.T. Thorsome, SGT. Drysdale of all the stated inhumane living conditions of (A), (B), (C) and (D). And they directly observed, and have common working knowledge of stated ~~[redacted]~~

6

inhumane living conditions Plaintiff is being held under. As well the plaintiff notified defendants Michael Melvin, Grievance Officer S. Simpson, Institutional counselor J. Hosten, and A&B official Sara Johnson, through the grievance process of these stated inhumane living conditions he is being held under. However deliberately indifferent, none of the defendants have took action to correct and remedy these stated inhumane cruel and unusual living conditions.

As a direct result of the defendants deliberate indifference and failure to remedy stated inhumane living conditions:

① Occurring approximately the second week of September 2017. The plaintiff sustained a spider bite on his face.

② On 9/26/17 and 10/29/17 N-121 Flooded with sewage fluids. Completely flooded overflowing outside of N-121. Destroying Plaintiff complete sets of transcripts of his criminal proceedings, 10 legal envelopes, 1 paper filler, 37 embossed envelopes, 2 legal pads of paper, a world almanac, an Oxford dictionary, an Oxford Thesaurus, 21 magazines, letters and photos from family members, many of the plaintiff's writings, poems, and other personal property with sentimental value.

③ On 11/1/17 while cleaning/removing the sewage fluids from the floor of N-121. The plaintiff slipped on the wet floor, lost his balance, and fell. Catching his fall with his right hand. A sharp painful snap/tear occurred in the of his right wrist/hand. Which is the plaintiffs primary hand. The injury the plaintiff sustained to his right hand/wrist causes plaintiff great sharp pains, injuring the range of motion of his right hand. And this injury is currently going untreated.

Count III: Plaintiff is not provided adequate cleaning/sanitation supplies.

Pontiac Prisons North House is well known by prison officials. To frequently have blood, feces and urine; thrown, smeared, and plastered throughout the environment. The entire building is a bio hazard.

However, the defendant refuse to provide adequate cleaning/sanitation supplies. To sanitize living area the plaintiff is forced to live in. The defendants provide no towels/rags, mops, brooms, toilet brushes, scrub brushes, scrubbing power powder, or hard sanitation solutions. Such as germicidal bleach ect. Nor are inmate workers directed to sanitize living area.

All that is provided is one (1) third of a small styrofoam cup of watered down soap, a week. Which is wholly inadequate leaving living areas wholly unsanitized. Denying the plaintiff the basic human need of having a sanitary living environment.

Furthermore, plaintiff is forced in to cages different cages, immediately behind the previous occupancy. Placing plaintiff in danger of contracting transmittable diseases. Defendants failure to take action and protect plaintiff from the stated dangers, places plaintiff in constant danger of harm. And furthers the plaintiff's skin rashes, respiratory complications, sleep deprivation, and mental health decline.

Plaintiff has notified defendants I.D.O.C. and John Baldwin, through written letters, that he is not being provided adequate cleaning/sanitation supplies, to sanitize this/these extremely unsanitary inhumane living environments conditions.

6

As well plaintiff notified Maj. S. Prentice directly/verbally, who also had and has immediate knowledge of prisoners/the plaintiff being provided inadequate cleaning/sanitation supplies. Also, plaintiff notified Warden Micheal Melvin, Grievance Officer S. Simpson, and ARB official Sara Johnson, through the grievance process.

However with deliberate indifference none of the defendants have took action to correct and remedy these conditions. Resulting in plaintiff's continuous risk of irreparable harm. And have caused and are furthering the injuries the plaintiff has sustained.

AND **Count IV**: Without Due Process of Law. And under cruel and unusual circumstances Plaintiff was stripped of all his clothing
**Count V**: and property. And left in a filthy unsanitized cage.

On July 20th 2017 to July 27th 2017 while held in Pontiac Prison's NorthHouse N-142 plaintiff was arbitrarily, and without any due process, stripped of all his property and clothing Except for the underware he was wearing. And kept in N-142 with absolutely nothing while approximately 70% to 80% of the floor was flooded with a sewage leakage.

(Count IV) This deprived the plaintiff of a liberty interest without Due Process of law. And subjected him to Atypical and significant hardship.

(Count V) Being held under extremely, inhumane, unsanitary, and dangerous living conditions. All the conditions stated in Count II regarding N-142) Amounted to the plaintiff further being subjected to cruel and unusual punishment. Being held in N-142 in his underware with absolutely nothing, no toilet paper, no soap no cup, nothing. Due to the conditions plaintiff was held under while being "stripped out" Plaintiff's sleep deprivation, rashes, sores, and respiratory complications were greatly exasperated.

Plaintiff notified defendants Warden Micheal Melvin, Maj. Susan Prentice, Grievance officer S. Simpson, Institutional Counselor J. Horton, and ARB official Sara Johnson, Both directly in some circumstances and through the grievance process for others. Of the violation of his rights (Count IV) and of the cruel and unusual punishment he was held under while being "stripped out" (Count V) However deliberately indifferent defendants have took no action to remedy this matter.

**Count VI**: The Plaintiff was subjected to a prison policy of employing excessive force

The circumstances stated in both Count IV and V stem from a prison policy of excessive force. Carried out in the form of security staff arbitrarily ordering the tactical team to extract prisoners (The Plaintiff). Strip them (The Plaintiff) of all their clothing except underware, And remove all of their property out of the cage, everything mattress, sheet, blankets everything. At the whims of any security staff, for any reason. And leaving prisoners in cages for days and weeks with nothing, absolutely nothing. For every minor incidents. All incidents being wholly unrelated to any misuse or damage to property.

In the plaintiffs case he was stripped out for not throwing away items at garbage pick up.

that security staff considered trash. And not taking his prescribed medication immediately, because he had no water to take it with.

Plaintiff notified defendants I.D.O.C. and John Baldwin through letters, of the arbitrary policy of employing excessive force in Pontiac prison. However with deliberate indifference defendants have took no action to remedy and discontinue the arbitrary policy of excessive force.

Count VII: Plaintiff was and currently is being denied his basic human needs/rights to obtain physical exercise and maintain personal hygiene.

During the seven (7) months (approximately) the plaintiff has been held in Pontiac prison from June 6th 2017 on. Without Due Process Plaintiff was and currently is denied his basic human needs/rights to obtain physical exercise and maintain personal hygiene. Due to deliberate indifferent to and execution of Pontiac prison's arbitrary policy to deny the plaintiff and the prison population at large, out of cell recreation and shower time. Through the subterfuge of "non-compliance" to the compliance policy. However the compliance is an arbitrary policy. That allows the whims of any security staff arbitrarily determine what "non-compliance" is.

The arbitrary policy is carried out in the form of targeted searches. Conducted by any officer, solely for the purposes of harassing the plaintiff and other prisoners to deter him/them from taking his/their out of cell time. And to identify a pretext (i.e. a torn book or magazine cover, a small pack of salt, a small pack of pepper, a spoon ect.). To use to deny the plaintiff/prisoners his/their out of cell time. One such pretext the Plaintiff has faced, is that he needed to store all of his property in a bag. However he has never been given a bag large enough to store all of his property.

Denying the plaintiff out of cell recreation and shower time. Aides in the furtherance of the plaintiff's mental and physical health injuries.

Additionally, the plaintiff is being barred from adequate hygiene items. Specifically, a mirror, comb, brush, floss, nail clippers, or any skin care products. For no reason carrying disciplinary, safety, or penological interest.

This arbitrary policy denying the plaintiff stated basic human needs/rights, and being denied adequate hygiene items. Is being directly enforced by defendant Maj. S. Prentice. As well the plaintiff has notified defendants Michael Melvin, Grievance officer S. Simpson, and ARB official Sara Johnson through the grievance process. However deliberately indifferent, defendants have taken no action to remedy and discontinue this policy.

Count VIII: Plaintiff was subjected to a sadistic and malice use of excessive force.

While held in Pontiac prison, on July 26TH 2017. Plaintiff was subjected to sadistic and malicious use of force. When plaintiff was forced/pushed, face first, into a pool of sewage. By C/O Switzer and C/O Delong. While being non-combative, ankle shackled, and hand cuffed behind his back.

Plaintiff sustained injuries to his face, neck, and wrist due to this use of excessive force. Plaintiff notified L.T. Smith. That plaintiff was requesting medical attention, for the injuries he sustained. As well the plaintiff requested/made the request to L.T. Smith for a mattress. Informing L.T. Smith that he did not have any mattress or bedding.

6

7 CF

However deliberately indifferent defendant L.T. Smith, failed to provide the Plaintiff access to medical staff to receive medical treatment or a mattress and bedding.

Plaintiff notified defendants Warden Michael Melvin, Grievance Officer S. Simpson, and ARB official Sara Johnson of this situation. However deliberately indifferent defendants took no action to remedy this situation.

Count IX: Plaintiff was held without any mattress or bedding.

While held in pontiac prison from July 20TH 2017 to August 13TH 2017 the plaintiff was held without any mattress or bedding. Forcing him to sleep on concrete. Which greatly aggravated the plaintiffs pre-existing back pain.

Plaintiff notified defendants L.T. Smith and SGT. Butler that he needed a mattress on July 20th 2017, verbally in person. Deliberately indifferent both ignored his notification. And plaintiff went without a mattress or bedding until he was relocated to N-120 on September 13th 2017. Only because there was a mattress already in N-120.

While without mattress/bedding the plaintiff was left with no choice but to sleep on concrete. Which greatly agitated his already prevalent back pain.

Plaintiff notified defendants L.T. Smith, C/O Delong, and C/O Switzer personally. Who all directly witnessed that the plaintiff was without mattress/bedding. As well plaintiff notified defendants Micheal Melvin, Jamie Horton, S.Simpson, and Sara Johnson through the grievance process however none of the defendants took action to remedy this situation.

Count X: Plaintiff is being subjected to discrimination, and being denied his right to practice his religion.

The defendant I.D.O.C. and all prisons and wardens therein, including the prison the plaintiff is held in, pontiac prison, serves religious diets for prisoners who practice Christianity, Judaism, Rastafarian, and Veganism. However the defendants fail to provide prisoners who practice Islam, diets which meet the tenets of a Halal (Islamic) diet.

The plaintiff is a Muslim, who practices Islam. And is subjected to discrimination. By the fact defendants choose to provide diets that meet the requirements of other religious diets. But refuse to provide a diet that meet the requirements of an Islamic (Halal) diet.

As well the plaintiff is prevented from practicing his religion. By the defendants policy of refusing to provide him a diet that meets the requirements of his religion.

Plaintiff notified defendants I.D.O.C and John Baldwin through personal letters of this policy violating his first amendment right to practice his religion. As well the plaintiff notified defendants Micheal Melvin, Jamie Horton, S. Simpson, and Sara Johnson. However all defendants have failed to take action to remedy this situation

6

<u>COUNT XI</u> Plaintiff's freedom to speech and right to access to the Court. Is being illegally restricted.

Plaintiff's mail both correspondance mail and Priviledged/Legal mail is being thrown away. The overwhelming majority of the plaintiff's mail is simply vanishing. With no notice or reason given. The Plaintiff's mail is simply disappearing. Barring his right to freedom of speech, attorney-client priviledge, and access to the courts.

**RELIEF REQUESTED**

(State what relief you want from the court.)

7

## ☆ RELIEF REQUESTED ☆

- 1) Punitive damages of 250$ a day for the time plaintiff was held in segregation without Due Process

- 2) Monetary damages awarded to the plaintiff, amounting to the cost to replace a transcripts of plaintiffs criminal proceedings.

- 3) Monetary/Punitive damages of 250$ a day for everyday plaintiff was held under unsanitary, inhumane, cruel and unusual living conditions.

- 4) Monetary/Punitive damages awarded to the plaintiff, for all injuries sustained.

- 5) Monetary/Punitive damages awarded to the plaintiff, for defendants repeated refusals to remedy the conditions the plaintiff was subjected to, stated in this complaint.

- 6) Monetary/Punitive damages awarded to the plaintiff of 2,000$ a day for everyday he was subjected to the defendants illegal strip out policy.

- 7) Declaratory Judgement in favor of the plaintiff, stating that defendants well-established administrative practice of stripping out the plaintiff and other prisoners, is unconstitutional, and should be discontinued.

- 8) Declaratory Judgement in favor of the plaintiff, declaring that defendants well-established administrative practice of refusing to provide the plaintiff, and other prisoners, adequate cleaning supplies is unconstitutional and that defendants should provide plaintiff and the prison population adequate cleaning supplies.

- 9) Declaratory Judgement in favor of the plaintiff declaring that the defendants well-established administrative practice of refusing to provide the plaintiff and all Muslim prisoners a diet according to the requirements of Islam, while providing other prisoners diets in accordance with the requirements of their religions.

- 10) Declaratory Judgement in favor of the plaintiff declaring that the defendants well-established administrative practice of refusing to provide the plaintiff, and others prisoners in segregation adequate hygiene items.

RELIEF REQUESTED

(State what relief you want from the court.)

7

- 11) Declaratory Judgement in favor of the plaintiff, declaring that the defendants well-established administrative practice of using "non-compliance" as a pretext to bar plaintiff and other prisoners their out of cell shower and recreation opportunities is an unconstitutional practice, and should be discontinued.

- 12) Monetary/Punitive damages for everytime the plaintiff was barred from his out of cell shower and recreation opportunities.

- 13) Declaratory Judgement in favor of the plaintiff declaring that the defendants well-established practice of Discarding and destroying plaintiffs and other prisoner mail is unconstitutional, and that a procedure to record outgoing mail be implemented throughout I.D.O.C. and made optional to the prison population.

- 14) Monetary/Punitive damages for all destroyed mail the plaintiff attempted to mail out.

JURY DEMAND     Yes [X]     No [ ]   + to be determined

Signed this  5TH  day of  January , 20 18 .

_____
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Joshua Lee Matthews | R-15476 |
| Address: 700 W. Lincoln St.  Mailing Address: P.O. Box 99  Pontiac, IL 61764 | Telephone Number:  N/A |

8

STATE OF ILLINOIS )
)
COUNTY OF )
Livingston

## AFFIDAVIT

I, Demondra Burnett, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

I assisted Joshua Lee Matthews draft his complaint. Primarily because the attorneys he attempted to retain declined to represent him in this matter. Even his already appointed counsel in another matter. Due to the constraints of their current workload.

As well the plaintiff, due to different physical and mental complications Is incapable to undertake this matter of representing himself in this complaint. Many of these complications are mentioned in this complaint. Such as; due to the plaintiff slipping while removing sewage fluids from the floor of N-121. And sustaining a injury to his right wrist/hand. That causes great pain during motion. And prevents the plaintiff from having weight in/with his right hand. Which is his primary hand. (2) The plaintiff is sleep deprived due the inhumane conditions mentioned in this complaint. Coupled with (3) The plaintiff has been diagnosis and classified as Seriously Mentally Ill. And prescribed psychotropics medication. His energy level and mood fluctuates drastically. Additionally (4) The plaintiff is currently being held in segregation. With severely limited access to legal materials and access to the Courts.

The plaintiff sent letters to several firms/attorneys attempting to retain Counsel to represent him in this matter. As well a Court of the 7th Circuit has already deemed the plaintiff requires appointed counsel (In 16CV-11314 still pending) to receive adequate representation before the courts. The plaintiff brings a complaint carrying merit. And because of the facts stated in his complaint, Motion to proceed in forma Pauperis, Motion for Counsel, and this affidavit. The plaintiff moves the Court to appoint him counsel.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare, under penalty of perjury that Everything contained herein is true and accurate to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 05 day of January 2018

01/05/18

Demondra Burnett
_____
Affiant

OFFICIAL SEAL
AMBER L. POTTS
Notary Public - State of Illinois
My Commission Expires 11/18/2019